Filed 5/16/23  P. v. Calderon CA5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>MIGUEL CALDERON,<br><br>    Defendant and Appellant. | F084833<br><br>(Super. Ct. No. VCF239260)<br><br><br>**OPINION** |

### THE COURT[*]

APPEAL from an order of the Superior Court of Tulare County.  Melinda Myrle Reed, Judge.

David Y. Stanley, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Michael A. Canzoneri, and Barton Bowers, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

[*]     Before Hill, P. J., Detjen, J. and Franson, J.

Defendant Miguel Calderon pursued this appeal for the opportunity to participate in a hearing authorized by *People v. Franklin* (2016) 63 Cal.4th 261, commonly referred to as a *Franklin* hearing. Recently, this court learned defendant was granted a *Franklin* hearing by the trial court. Therefore, because the issue presented is now moot, defendant's appeal is dismissed.

## BACKGROUND

On June 22, 2011, a jury found defendant guilty of six counts of attempted murder (Pen. Code,[1] §§ 187, subd. (a), 664), and one count of firing into an inhabited dwelling (§ 246). The jury also found true various enhancements that had been alleged in the information. Defendant was sentenced for these convictions to 120 years to life in prison.[2] However, following a reversal of the judgment and a remand for resentencing by this court, defendant was resentenced to a term of 55 years to life.

In July 2022, defendant filed with the trial court a petition to dismiss all firearm enhancements, and a request for a *Franklin* hearing. On August 2, 2022, the court denied defendant's request to dismiss his firearm enhancements, stating his conviction was already final when the relevant legislative changes were made for such relief. However, in that same order, the court also denied defendant's request for a *Franklin* hearing, without prejudice, referencing a prior ruling of the court. A notice appealing that order was filed on August 17, 2022.

In his opening brief, defendant only challenges the trial court's denial of his request for a *Franklin* hearing. In response, the People acknowledged this matter should

---

[1] All further statutory references are to the Penal Code.

[2] On this court's own motion, we take judicial notice of the prior opinion in *People v. Calderon* (May 23, 2013, F063435) [nonpub. opn.], pursuant to Evidence Code sections 452, subdivision (d) and 459. A detailed summary of the facts underlying this case can be found in this opinion.

2

be remanded so that defendant could be given the opportunity of participating in a *Franklin* hearing.

On March 13, 2023, the People made a simultaneous request for judicial notice and a motion to dismiss, alerting this court that on March 8, 2023, defendant was granted the opportunity to schedule a *Franklin* hearing in the trial court.

On April 5, 2023, this court issued the following order:

> "Respondent's "REQUEST FOR JUDICIAL NOTICE," filed on March 13, 2023, is granted.

> "This court is in receipt of respondent's "MOTION TO DISMISS APPEAL AS MOOT …," filed on March 13, 2023.  Appellant is granted 15 days' leave to file an informal response to the motion.  Failure to file a response may be deemed agreement respondent's motion be granted."

Defendant has filed no response and the time to file any response has now expired.

## DISCUSSION

As a preliminary matter, we grant the People's request for judicial notice of the March 9, 2023, minute order issued by the Tulare County Superior Court in case No. VCF239260A.  This minute order grants defendant's request for a *Franklin* hearing and allows defendant to file a petition that will then lead to the calendaring of the *Franklin* hearing.  The order was issued just before briefing was completed in this appeal.

An appellate court, generally, must decide " ' "actual controversies by a judgment which can be carried into effect, and not to give opinions upon moot questions or abstract propositions, or to declare principles or rules of law which cannot affect the matter [at] issue in the case before it." ' " (*Eye Dog Foundation v. State Board of Guide Dogs for the Blind* (1967) 67 Cal.2d 536, 541.)  " '[A] case becomes moot when a court ruling can have no practical effect or cannot provide the parties with effective relief.  [Citation.]' " (*People v. Rish* (2008) 163 Cal.App.4th 1370, 1380.)

3

The action taken in the trial court and represented in the March 9, 2023, minute order provided defendant the remedy he sought from this court. In his petition and during the *Franklin* hearing, defendant will have the opportunity to present facts specifically relevant to his youthful "characteristics and circumstances at the time of the offense[.]" (*People v. Franklin*, *supra*, 63 Cal.4th at p. 283.) However, the issue presented by defendant in this appeal is now moot.

<u>**DISPOSITION**</u>

Defendant's appeal is dismissed.